UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDERSON, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09 CV 2311 |
| | ) | |
| | ) | Judge ST. EVE |
| CITY OF CHICAGO, et al, | ) | |
| | ) | Magistrate Judge DENLOW |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTIONS *IN LIMINE***

Now come Plaintiffs, by and through their undersigned attorney, Josh Friedman, and respectfully submit the following Motions *in Limine*:

**Motion *in Limine* No. 1**
**To Bar Defendants from Introducing of Evidence on or Referring to**
**the Gang Membership of Plaintiff Christopher Monroe and Mario Anderson**

There has been testimony in this case that Plaintiff Christopher Monroe and Mario Anderson, a likely witness for Plaintiffs, were previously gang members. Plaintiffs seek to bar Defendants from introducing any evidence on, or referring to, these individuals' gang membership at the trial of this case. Such evidence is irrelevant under Red. R. Evid. 401 and inadmissible character evidence under Fed. R. Evid. 404(a), and even assuming, *arguendo*, that this evidence has any shred of probative value, any such probative value is substantially outweighed by the danger of unfair prejudice to Plaintiffs, confusion of the issues, or misleading the jury, and as such is inadmissible under Fed. R. Evid. 403.

1

This case turns on the issues of whether the Defendant police officers had probable cause to arrest, detain, and prosecute Plaintiffs after they responded to a crime scene where gunshots had been reported being fired, and whether or not the Defendant police officers used excessive force against Plaintiffs. Thus, as to Mr. Monroe and Mr. Anderson, their alleged gang membership obviously has no relevance to this case. This case does not involve any response by the police to any alleged gang activity that would therefore make these individuals' membership in a gang somehow relevant. Further, there is no evidence that the Defendant police officers had any knowledge at the time of the arrest of plaintiff that he was a gang member, and thus this matter has no role to play in the probable cause analysis, or the analysis of whether the defendants' use of force was excessive.

As a result, the only possible use of this gang evidence would be to "dirty up" Plaintiff Monroe and Mr. Anderson in the minds of the jury, which is impermissible under Rules 401, 403 and 404(a) and the governing case law. *See*, *e.g.*, *Kies v. City of Aurora*, 156 F. Supp. 2d 970, 977 (2001) (granting plaintiff's motion *in limine* to bar use of gang evidence, and noting "[t]he Seventh Circuit has recognized that evidence of gang membership is likely to be damaging to a party in the eyes of the jury.") (*quoting United States v. Butler*, 71 F.3d 243, 251 (7th Cir. 1995)).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing any evidence on or making any reference to any gang membership of Plaintiff Christopher Monroe and Mario Anderson.

## Motion *in Limine* No. 2
## To Bar the Use by Defendants of the Mug Shot Photos
## of Plaintiffs Marlin Anderson, Marilyn Anderson and Markita Anderson

Plaintiffs seek an order *in Limine* barring Defendants from using the mug shot photos of Plaintiffs Marlin Anderson, Marilyn Anderson and Markita Anderson. These photos have no relevance to this case. As there was no search warrant issued for these plaintiffs, and the defendant police officers were not responding to any physical description of the Plaintiffs, their physical appearance at the time of their arrest obviously is irrelevant to any of the matters in dispute in this case. Furthermore, none of these Plaintiffs claim any injuries to their faces, so these photos are not probative of any of Plaintiff's claims or defendants' possible defenses. Furthermore, any display of these photos would prejudice Plaintiffs as it would criminalize them in the minds of the jury, and inflame them against the Plaintiffs. Accordingly, these photos are inadmissible under Fed. R. Evid. 401, 403 and 404(a).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing the mug shot photos of Plaintiff Marlin Anderson, Marilyn Anderson and Markita Anderson.[1]

## Motion *in Limine* No. 3
## To Bar Defendants from Introducing into Evidence or Commenting on any of Plaintiffs' or Plaintiffs' Witnesses' Criminal History

Plaintiffs seek an order *in limine* barring Defendants from introducing into evidence or commenting on the criminal history of any of the Plaintiffs or Plaintiffs' witnesses—including all prior arrests and convictions. Any reference to the Plaintiffs' criminal history presents a serious danger that some jurors may rely on it to take an unfairly jaundiced view of the Plaintiffs

---

[1] Plaintiffs will seek to introduce into evidence the mug shot photo of Plaintiff Christopher Monroe (only to the extent that it depicts his face) as it contains a depiction of his injuries.

and close their minds to the merits of Plaintiff's claims. *See, e.g.*, *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) ("Courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him."); *Earl v. Denny's, Inc.*, No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question.").

For the reasons set forth in detail below, this Court should bar any reference to the Plaintiffs' and Plaintiffs' witnesses' criminal history or any prior incarceration pursuant to Fed. R. Evid. 402, 403 and 404.

**1.     Arrests**

Plaintiff Christopher Monroe and Plaintiff Marlin Anderson have arrests in their background that did not lead to convictions. These arrests have no probative value as to any of the matters at issue in this case, and they present the likelihood of substantial prejudice to Plaintiffs should they be allowed into the trial of this case. Governing law prohibits the admission of arrest record evidence. *See, e.g., Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible . . . ."); *Gregory v. Oliver*, No. 00-5984, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not led to convictions are classic candidates for exclusion under Fed. R. Evid ("Evid.R.") 404(b)." [2] Accordingly, this Court should bar all arrest record evidence of the Plaintiffs or Plaintiffs' witnesses.[3]

---

[2] Plaintiff Monroe also had an order of protection issued against him in a domestic violence matter that did not lead to a conviction on the underlying charge. For the reasons set forth above, any evidence as to this matter should be barred.

[3] Plaintiffs are not yet certain whether Marvin or Mario Anderson have any arrests or convictions in their backgrounds, but to the extent they do, this motion is directed at them as well. Also, this motion is directed at Latoya Curry, whose arrest records the Defendants are seeking to offer into evidence.

4

2. **Convictions**

Plaintiff Christopher Monroe has one felony conviction in his background based on a charge of Unlawful Use of a Weapon (UUW) from September 2007. However, Mr. Monroe received probation for his conviction (which he completed satisfactorily), and he was not incarcerated.[4]

Plaintiffs respectfully request that this Court bar Defendants from introducing this conviction into evidence. Admission of convictions is discretionary under the Federal Rules of Evidence. Fed. R. Evid. 609(a)(1) provides that felony convictions can be admitted for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. In this case, the probative value of Plaintiff Monroe's prior conviction is minimal, and is substantially outweighed by potential for unfair prejudice. Here, because the Defendants allegedly response to a call of shots fired at the address where Plaintiffs were arrested, any evidence that Plaintiff had a prior weapons conviction is likely to lead to the jury to unfairly believe that Mr. Monroe has a propensity to commit gun related crimes, or even that he was involved in the shootings (even though there is absolutely no evidence of this). This conviction would thus be nothing more than impermissible character evidence and prior bad acts evidence, the admission of which would violate Fed. R. Evid. 404(a) and (b).

Courts have often barred admission of felony convictions. For example, in *Earl v. Denny's Inc.*, No, 01C5182, 2002 WL 31819021 (N.D. Ill. Dec. 13, 2002), Judge Schenkier barred the defense from introducing the plaintiff's prior conviction for aggravated criminal sexual assault in a personal injury case. Similarly, in *Townsend v. Benya*, 287 F. Supp. 2d 868

---

[4] Plaintiff Monroe also has a misdemeanor conviction for DUI from February 2004, for which he received supervision. As a conviction with a sentence of supervision is not considered a conviction under Illinois law, *see* 730 ILCS 5/5-6-3.1(f), this DUI is inadmissible under Fed. R. Evid. 609. Furthermore, even assuming, *arguendo*, that it is a conviction it was a for a misdemeanor offense that does not go the issue of Plaintiff's veracity and is thus inadmissible under Rule 609(a)(1).

5

(N.D. Ill. 2003), the court barred the defendant City of Chicago from introducing evidence of a drug conviction to impeach a Section 1983 Plaintiff's credibility, finding that the probative value was far outweighed by the danger of unfair prejudice. *See also Christmas v. Sanders*, 759 F.2d 1284, 1297 (7th Cir. 1985) (a conviction for rape [is] not "highly probative of credibility"); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (barring admission Section 1983 plaintiff's arrests and felony drug convictions since they had little probative value and the potential for unfair prejudice is "great"); *Jones v. Sheahan*, No. 99C3669, 2003 WL 21654279 at *2 (N.D. Ill. July 14, 2003) (finding that a murder conviction is not "highly probative" of credibility).

In the alternative, should this court permit the introduction of Mr. Monroe's UUW conviction into evidence, then Plaintiffs respectfully request that, to minimize the possibility of unfair prejudice to Plaintiffs, that the Defendants be required to refer to this conviction simply as a felony conviction, and not to identify the specifics of the conviction.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing into evidence or commenting in any way on Plaintiffs' and Plaintiffs' witnesses' criminal histories.

## Motion *in Limine* No. 4
## To Bar Defendants from Introducing into Evidence or Commenting on any use or possession of weapons by Plaintiff Christopher Monroe

There has been some deposition testimony in this case that on previous occasions Plaintiff Christopher Monroe was seen in possession of a weapon or admitted to ownership of a weapon. Plaintiffs request that this Court enter an order *in Limine* barring Defendants from introducing any such evidence or commenting on any such evidence at the trial of this case.

The prior bad acts of an individual are inadmissible under Fed. R Evid. 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to show action in conformity therewith." Furthermore, under Rule 404(a) evidence of a person's character trait is not permissible for the purpose of proving action in conformity therewith on a particular occasionsion . . . ." Any attempt by Defendants to introduce into evidence any prior alleged gun use or ownership by Mr. Monroe would be an impermissible character evidence and prior bad acts evidence—it would be tantamount to saying that Mr. Monroe has a violent nature and a violent past. Furthermore, since Mr. Monroe was not charged with any weapons related offenses in this case, there is no basis for Defendants to argue that one of the exceptions to Rule 404(b) applies.

Additionally, any possible probative value of Mr. Monroe's alleged prior gun use or ownership would be substantially outweighed by the likelihood of unfair prejudice to the Plaintiffs due to the factual circumstances of this case and thus such evidence is barred under Fed. R. Evid. 403. Because the Defendants allegedly response to a call of shots fired at the address where Plaintiffs were arrested, any evidence that Plaintiff Monroe had any prior involvement with would lead the jury to wrongly believe that Mr. Monroe had some involvement in the shooting, even though Mr. Monroe was not even charged with a weapons offense.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing into evidence or commenting in any way on Plaintiff Christopher Monroe's past involvement with weapons.

## Motion *in Limine* No. 5
## To Bar Defendant Thurman's Medical Records

Defendants seek to offer into Defendant Thurman's medical records into evidence. However, Defendants did not produce these records in discovery and they are thus barred. Furthermore they are hearsay and thus barred under Fed. R. Evid. 802.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing into evidence the medical records of Defendant Thurman.

## Motion *in Limine* No. 6
## To Bar Defendant Plaintiff Marlin

Defendants seek to offer into evidence various Employment Records and Documents from Arrow Messenger Service, Inc. for Marlin Anderson. These records contain Ms. Anderson's performance reviews, attendance records, and other material related to her employment, but they have nothing to do with the basis for Defendants' arrest of Ms. Anderson, their use of force against her, or their involvement in her prosecution. Accordingly, Plaintiffs object to this evidence as it has no relevance to this case and thus is inadmissible under Fed. R. Evid. 402.[5] Furthermore, even assuming, *arguendo*, that these records have even a shred of probative value, any such value is substantially outweighed the likelihood or prejudice to the Plaintiffs and confusion of the jury and is thus inadmissible under Fed. R. Evid, 403. Finally, as the documents contain some mild disciplinary actions and criticisms of Ms. Anderson's work performance, this evidence is nothing more than "prior bad acts" and character evidence, which is barred under Fed. R. Evid. 404.

---

[5] Plaintiffs do not object to the introduction of those portions of Ms. Anderson's employment records that show her rate of pay at the time of the incident in this case or that show her days off from work because of this case.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court enter an order *in Limine* barring Defendants from introducing into evidence or commenting in any way on Plaintiff Marlin's work records.

Respectfully Submitted,

By: /s/ Josh M. Friedman
One of Plaintiffs' attorneys

Jeffrey B. Granich
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

Katie Z. Ehrmin
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120
Attorney for Plaintiff

Josh M. Friedman
Law Offices of Josh M. Friedman
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313

**CERTIFICATE OF SERVICE**

I, Josh Friedman, Attorney for Plaintiff, hereby certify that a copy of the foregoing Motions *in Limine* was served pursuant to the United States District Court for the Northern District of Illinois' Electronic Filing System on all counsel of record on this 2nd day of September, 2010.



/s/ Josh M. Friedman
One of the attorneys for Plaintiffs