**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Marlin Andersen et. al., | ) | |
| | ) | Case No.: 09 C 2311 |
| Plaintiff, | ) | |
| | ) | Judge St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| City Of Chicago, et. al., | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF MOTIONS *IN LIMINE***

Defendants Clifton Thurman, Nataly Janik and the City of Chicago ("Defendants"), by and through their undersigned attorneys, respectfully respond to plaintiffs' first set of motions *in limine*. In support thereof, Defendants state as follows:

1. **Plaintiff Christopher Monroe and Witness Mario Anderson's Admitted Gang Membership Goes to the Heart of The Case, and References to Gangs Should Not Be Barred.**

Plaintiff argues that any reference to gangs in this case is (1) irrelevant under 401; (2) improper character evidence under 404; and (3) the undue prejudice substantially outweighs the probative value under 403. Plaintiff's counsel made the same argument earlier this year in front of Judge Conlon, who denied the motion *in limine. See Hillard v. City of Chicago,* No. 09 C 2017, 2010 WL 1664941 (N.D. Ill. Apr. 23, 2010). For the following reasons, this motion *in limine* should be denied as well.

Plaintiffs try to paint the picture that this case is about a birthday party, where the police responded, and then beat them up for no reason. However, the Defendants have a very different version of events. The Defendants, along with the entire Area 1 Gang Team, responded to a

shots fired call. The "birthday party" was in a high-crime, high-gang activity neighborhood[1]. Upon responding to the scene, the officers learned that this was not a birthday party. In fact, this was a gang party to celebrate the theft of a rival gang's car. They learned that the shots fired were the result of that dispute between the two gangs. Defendant Thurman testified to that at his deposition. It is anticipated that 12 additional responding officers could testify to this at trial (of course, Defendants will take cumulativeness of testimony into account to reduce the number of witnesses). Defendant Thurman stated that the Plaintiffs were the aggressors, and that Christopher Monroe threw punches at him when he entered the second floor, where the four guns were found. Also, Mario Anderson admitted to throwing objects at Officer Thurman when he entered the second floor. (See Ex. B at 41, 47).

Plaintiff Christopher Monroe denied ever being in a gang. (See Deposition Transcript of Christopher Monroe at 50:11-12, attached hereto as Exhibit A). All of the Plaintiffs deny that this was a gang party. Monroe claims that he had friends in gangs, including the Vice Lords, G.D.'s (meaning Gangster Disciples), and Blackstones, and hung out with them, but was never pressured to join one. (See Ex. A at 51). However, Mario Anderson, a third-party witness, stated that he and Christopher Monroe are in the same gang. (See Deposition Transcript of Mario Anderson at 29-30 and 33, attached hereto as Exhibit B). He also stated that he knew that

---

[1] "[O]fficers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation. Accordingly, we have previously noted the fact that the stop occurred in a "high crime area" among the relevant contextual considerations in a *Terry* analysis. *Adams v. Williams,* 407 U.S. 143, 144, 147-148, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)." *Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673 (2000); *see United States v. Quinn*, 83 F.3d 917, 922 n. 2 (7th Cir.1996) (stating that "courts may consider the defendant's presence in a high crime area as part of the totality of the circumstances confronting the officer at the time of the stop") (citations omitted).

Christopher Monroe was in a gang because of his handshake. (See Ex. B at 32). Mario Anderson also testified that members of the Gangster Disciples street gang (which he and Monroe belong to) carry guns. (See Ex. B at 34). Further, he describes the shooting in detail, which corroborates the officers' version of events that there was a gang dispute that led to the shots fired call. (See Ex. B at 36). Given this factual background, this evidence should be admissible for the following reasons.[2]

A.  **Gang References Go to the Heart of Defendants' Theory of the Case.**

First, this is a case where the evidence of gang membership and references to gang membership goes to the heart of Defendnats' theory of the case. It is both relevant and probative. Gang evidence is admissible when it "provides probative circumstantial support for Defendants' theory of the case." *Martinez v. City of Chicago,* No. 07 C 422, 2009 WL 3462052 (N.D. Ill. Oct. 23, 1999).

For example, in *Martinez,* Judge Dow admitted gang evidence in a §1983 trial. *Id.* The court held "Plaintiff's alleged gang affiliation provides probative circumstantial support for Defendants' theory of the case: that Plaintiffs were motivated to attack the Defendant Officers by their gang affiliation." *Id.* The court examined the Defendants' theory of the case, and held that the prejudice did not outweigh the probative value of allowing the Defendants to present their theory.

In *Hillard v. City of Chicago,* Judge Conlon also allowed gang evidence when it went to the heart of the Defendants' case. 2010 WL 1664941. The court explained that the plaintiff's

---

[2] This Court need only find one relevant, admissible purpose for evidence. "[T]here is no rule of evidence that provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible." *United States v. Abel,* 469 U.S. 45, 105 S. Ct. 465, 470 (1984).

3

motion (identical to the motion here) failed to establish "that this evidence is clearly inadmissible for all purposes." *Id.* at *2. The court also held that references to street gangs were relevant to both the officers' presence at the location and as a basis for probable cause. *Id.*

In this case, like in *Martinez* and *Hillard,* references to street gangs go to the heart of Defendants' theory of the case. Plaintiff wants to sanitize his case and present evidence that this was just a birthday party. However, the Defendants' theory is drastically different. It is expected that the responding officers, including the entire Area 1 gang team will testify that the area of the "birthday party" was a high crime, high gang area where they had several instances of rival gang disputes. The responding officers received a shots fired call and quickly responded. They will testify that receiving a shots fired call in that area makes them believe that they are responding to a gang dispute. Further, it is expected that the responding officers will testify that when they arrived on scene, the "party" was out of control. They exited their cars and took precautions such as drawing their guns because they anticipated walking into a gang dispute. They will further testify that they learned that this was not actually a birthday party, but instead was a gang party celebrating a theft of the rival gang's automobile. The officers will testify that the rival gang actually came back while they were on the scene and tried to broker a deal to get their car back without any more violence. It is unfair to allow Plaintiff to sanitize his theory of the case and claim that this was a birthday party. He will then argue that the officers acted unreasonably by running into the home with guns drawn and terrorized the guests. The Defendants should be allowed to present evidence of what they knew to show that they acted reasonably under the circumstances. It goes to the heart of the Defendants' case, and, thus, it should not be barred.

  **B. Plaintiff Christopher Monroe and Witness Mario Anderson's Gang Membership are Relevant to Show Motive and Bias.**

Plaintiff Christopher Monroe, and witness Mario Anderson's gang memberships

are also relevant to show motive and bias.

> The Seventh Circuit has "long recognized that gang membership has probative value under appropriate circumstances," *U.S. v. Lewis,* 910 F.2d 1367, 1372 (7th Cir.1990)-for example, to show motive, bias, or the existence of a conspiracy. See *United States ex rel. Hairston v. Warden,* 597 F.2d 604, 607-08 (7th Cir.1979) (evidence of gang membership admissible to show motive for murder); *United States v. Montgomery,* 390 F.3d 1013 (7th Cir.2004) (evidence of gang membership admissible to show defendant's motive for carrying a weapon); *Clark v. O'Leary,* 852 F.2d 999 (7th Cir.1988) (witness' membership in rival gang admissible for purposes of impeachment to show bias); *U.S. v. Suggs,* 374 F.3d 508, 517 (7th Cir.2004) (evidence of defendants' gang affiliation admissible to show existence of a conspiracy); *United States v. Hattaway,* 740 F.2d 1419, 1425 (7th Cir.1984) (evidence of motorcycle gang's lifestyle admissible to provide accurate description of kidnapping victim's "ordeal"). Similarly, in *United States v. Abel,* 469 U.S. 45, 49, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984), the Supreme Court held that evidence demonstrating gang membership was "sufficiently probative of possible bias towards respondent to warrant its admission into evidence."

*Martinez v. City of Chicago,* No. 07 C 422, 2009 WL 3462052 (N.D. Ill. Oct. 23, 1999)

"Gang evidence is admissible to furnish a motive for an otherwise inexplicable act and also to show a common design or purpose." *United States ex rel. Young v. McCann,* No. 07 C 1100, 2007 WL 2915634 (N.D. Ill. Oct. 5, 2007) (St. Eve, J). Here, gang evidence is relevant to show the connection between Christopher Monroe, Mario Anderson, and the individuals at the party (whom the officers claim were at a gang party, not a birthday party). Christopher Monroe and Mario Anderson's gang membership also provides circumstantial support that the "birthday party" was actually a gang party that led to a dispute. Like in *Martinez*, the gang evidence in this case is also relevant to show a motive for the otherwise inexplicable act of attacking a police officer when he was entering an apartment. *See Martinez,* 2009 WL 3462052 at *9. Lastly, the gang evidence is also relevant to show Mario Anderson's bias in testifying in favor of Christopher Monroe. They are members of the same gang, and therefore would be biased to support

5

one another.

**C.     The Gang Evidence is Permissible to Impeach Christopher Monroe.**

Third, the evidence is permissible under Fed. R. Evid. 608 to attack Plaintiff Christopher Monroe's character trait for truthfulness. See Fed. R. Evid. 608 (West 2010). Gang evidence is admissible for impeachment. *United States v. Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990). In fact, in *United States v. Sanchez*, No. 07 CR 0149, 2009 WL 5166230 (N.D. Ill. Dec. 22, 2009), Judge Gettleman held, "[w]hat is clearly admissible under Fed.R.Evid. 608 is the fact that Gabriel lied to the government days before his testimony when he stated that his gang activity was long in the past. Such evidence is directly relevant to Gabriel's credibility (or lack of credibility), and follow-up questions would have been permissible." *Id*. at * 9. Christopher Monroe denied being a member of a gang. The fact that Mario Anderson identified Monroe as a fellow gang member, and that he knows that because Christopher Monroe has given him the gang member handshake, is highly probative of Monroe's credibility, or lack thereof. Therefore, the Court should allow evidence of gang membership under Fed. R. Evid. 608.

**D.     The Prejudice Does Not Substantially Outweigh the Probative Value.**

Finally, the evidence is not unfairly prejudicial, and is highly probative. "Evidence is unfairly prejudicial 'if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.' " *United States v. Thomas*, 321 F.3d 627, 630 (7th Cir.2003) (citation omitted). "The balancing of probative value and prejudice is a highly discretionary assessment." *Id*. Here, it cannot be said that the prejudice will substantially outweigh the probative value. In fact, by barring all references to gangs, Defendants will be effectively prevented from telling their side of the story and will suffer irreparable harm. *See Clark v. O'Leary,* 852 F.2d 999 (7th Cir. 1988) (holding reversible error when relevant gang

affiliation evidence was not allowed to be presented to show bias of witnesses); *People v. Blue,* 792 N.E.2d 1149, 1156-59 (Ill. 2001) (motion in limine disallowing inquiry into witnesses gang affiliation that may cause bias "unreasonably limited the defense from exploring the witnesses' bias."); *United States v. Butler,* 71 F.3d 243, 251 (7th Cir. 1995) (holding that gang evidence demands careful consideration, and the Seventh Circuit has "consistently held that under appropriate circumstances gang membership evidence has probative value that can outweigh prejudice."). As articulated above, the gang evidence in this case goes directly to the heart of the defense. The prejudice does not substantially outweigh the highly probative value of the evidence, and, therefore, it should be admitted.

> **2. The Arrest Photographs of all of the Plaintiffs Are Relevant and Should be Admitted at Trial.**

Plaintiff claims that the arrest photographs of Plaintiffs are not relevant to any matter in dispute. However, if that were true, Plaintiff would not be moving to keep the arrest photographs out of evidence. The arrest photographs are relevant to this case under 401, admissible under 402, and not barred by 403.

In *Sherrod v. Berry,* 856 F.2d 802, 813 (7th Cir. 1988), the Seventh Circuit explained this proposition:

> Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. This definition of relevant evidence is an expansive one. To be relevant, evidence need not conclusively decide the ultimate issue in a case; it must simply tend to make a witness' testimony more or less credible. 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 401[05]. *See Davis v. Lane,* 814 F.2d 397, 399 (7th Cir.1987) (in a § 1983 claim, evidence that Davis may have been armed with a shank was relevant to the reasonableness of officer's decision to shoot him); *United States v. Miroff,* 606 F.2d 777, 781 (7th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980) (evidence of guns found in defendant's bedroom was admissible as relevant; even though the guns did not demonstrate that defendant was guilty of transporting stolen goods, it was at least a "circumstance" the jury

7

could consider); *Saladino v. Winkler,* 609 F.2d 1211, 1214 (7th Cir.1979) (in § 1983 excessive use of force case, fact that plaintiff was intoxicated at time of arrest was relevant to the issue of the reasonableness of plaintiff's conduct). *Sherrod,* 856 F.2d at 813.

Plaintiffs Marlin, Marilyn, and Markita Anderson allege that they were not drunk. The lockup keepers state that the Plaintiffs were drunk and noted that on their arrest reports. The Plaintiffs had their pictures taken at the time the lockup keepers made those observations. Those arrest photographs are relevant in assessing the credibility of the Plaintiffs. The Plaintiffs also claim that they were cooperative and not hysterical during their processing. The Defendants and other officers state that the Plaintiffs were hysterical and uncooperative. The photographs present circumstantial evidence of the Plaintiffs state of being during processing. Finally, Plaintiffs allege injuries from excessive force. The pictures can rebut their claims of damages. Defendants will agree to call the photographs "Arrest Photographs" or just photographs to avoid any prejudice resulting from the term mug shot. However, a photograph taken of the Plaintiffs at the time of arrest is relevant to this case.

### 3. Plaintiff Christopher Monroe's 2007 Felony Conviction Is Admissible Under 609.

Plaintiff Christopher Monroe's 2007 felony conviction is admissible under Federal Rules of Evidence 609(a). Federal Rule of Evidence 609(a)(1) provides:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted. . .

Fed. R. Evid. 609(a)(1) (West 2009)(omitting reference to criminal matters).

First, Plaintiff argues that because his prior conviction is for possession of a weapon, Defendants should be barred from using the conviction in accordance with the Federal Rules of Evidence. His argument is that the felony weapons conviction is going to be used for propensity

8

evidence because guns were found in the apartment (even though he was not charged with the weapons). Under this logic, Plaintiff wants the Court to exclude felony convictions as impeachment evidence merely because they are similar to allegations in his lawsuit. While relatedness might be a reason for admission under Fed. R. Evid. 404, it is not a reason for exclusion under 609. See Fed. R. Evid. 404, 609 (West 2010). There is no support this argument, and it should be denied.

Second, Plaintiff argues that his conviction is unduly prejudicial. However, it is clear that felony convictions are highly probative in determining truthfulness. In fact, Judge Coar ruled just that in *United States v. McCarroll,* No. 95 CR 48, 1996 WL 99442 (N.D. Ill. Mar. 5, 1996) (Coar, J.).

In that case, the court held, "[a]lthough armed robbery is not a crimen falsi (such as perjury, subordination of perjury, false statement, embezzlement, false pretenses), a robbery conviction does carry an inferential impeachment of truth-telling just as any felony does." *Id; citing United States v. Schweihs,* 1989 WL 104059 (N.D.Ill.1989); *Pantoja v. DeRobertis,* 1987 WL 9023 (N.D.Ill.1987) (quoting *United States v. Dennis,* 625 F.2d 782, 798 (8th Cir. 1980)). The court held that the prejudicial effect did not outweigh the probative value, and allowed the evidence for impeachment. *Id.*

Just last month, Judge Conlon encountered a nearly identical situation, with the same Plaintiff's counsel, in *Hillard v. City of Chicago,* No. 09 C 2017, 2010 WL 1664941 (N.D. Ill. Apr. 23, 2010) (Conlon, J.). In that case, Judge Conlon held:

> Prior felony convictions less than ten years old are admissible under Rule 609(a) to aid the jury in assessing witness credibility. The basis for Hillard's complaint is that she was not in possession of controlled substances at the time of her arrest, and defendants falsely charged her with that offense. *See* Final Pretrial Order at 12. As defendants note, the 2006 conviction has significant impeachment value on the issue of Hillard's credibility. Hillard claims introduction of the conviction will

9

cause the jury to unfairly discredit her testimony, but "if that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1)." *Coles v. City of Chicago,* No. 02 C 9246, 2005 WL 1785326, at *3 (N.D.Ill. July 22, 2005) (Schenkier, M.J.) (citation omitted). Hillard has not shown the probative value of the conviction is substantially outweighed by the danger of unfair prejudice. Hillard's motion to exclude her felony conviction is denied.

*Id.* at *2.

Similarly, the Seventh Circuit has, time and again, allowed evidence of felony convictions for impeachment purposes, in accordance with Rule 609(a)(1). *See United States v. Nurudin,* 8 F.3d 1187, 1192 (7th Cir. 1993) (affirming decision to admit felony conviction for impeachment when credibility determination is "critical in nature"); *United States v. Broadwater,* 65 Fed.Appx. 571, 574-75 (7th Cir. 2003) (no error in allowing prior felony convictions for weapon possession for impeachment purposes); *United States v. Smith,* 454 F.3d 707, 716-17 (7th Cir. 2006) (allowing prior felony drug convictions for impeachment purposes); *Wilson v. City of Chicago*, 6 F.3d 1233, 1237 (7th Cir.1993) (noting that the plaintiff prisoner who took the stand was subject to having his credibility impeached because he was a convicted felon).

In this case, Plaintiff Christopher Monroe alleges that the Defendants beat him up for no reason, and that he never struck or resisted any officer. He claims that he was charged with battery of an officer and resisting arrest despite not committing the crimes. The arresting officer claims that Monroe was the aggressor and that he suffered injuries because of Monroe's actions. The credibility of the parties is essential to this case. Truthfulness of the parties is going to be a major issue at trial. With that in mind, Rule 609(a)(1) was instituted for this exact situation. Plaintiff's character trait for truthfulness is directly in question and the Federal Rules of Evidence provide that his truthfulness can be attacked by a prior felony conviction. Defendants are only trying to abide by the

rules; there will be no attempt to introduce any arrests besides what is allowed for under the Federal Rules of Evidence. Therefore, plaintiff's prior felony conviction should be admissible at trial.

Further, Defendants acknowledge that arrests that do not lead to convictions are not admissible for impeachment. Defendants will not introduce evidence of any Plaintiffs' prior arrests that did not lead to a conviction. Given that, Defendants, who have also moved *in limine* to bar prior arrests that did not lead to convictions, expect the same acknowledgment from Plaintiffs. They cannot have it both ways.

Defendants also acknowledge misdemeanor convictions are inadmissible under 609, and will not seek to introduce evidence of Plaintiff Monroe's 2004 DUI conviction. *See Serafinn v. Local 722,* 597 F.3d 908, 915-16 (7th Cir. 2010) (Misdemeanor DUI convictions inadmissible for impeachment under Rule 609). Of course, Defendants reserve the right to impeach Plaintiffs if they open the door with argument or testimony on direct examination that Plaintiffs have never been in trouble with the law, or have never been arrested.

### 4. Plaintiff Christopher Monroe's Prior Possession of Guns, Unrelated to this Incident, Will Not Be Introduced Unless Plaintiff Opens the Door.

Defendant Clifton Thurman stated that he saw Plaintiff Christopher Monroe with a gun and chased him upstairs. Christopher Monroe claims that he did not have a gun, and has not possessed a gun since his 2007 felony conviction. Defendants will seek to admit the testimony of Defendant Thurman that Plaintiff had a gun when he ran up the back staircase. Defendants will not seek to admit other instances where Plaintiff was in possession of a gun, besides his 2007 felony conviction.

Defendants also reserve the right to impeach Plaintiff with his prior possession of guns and knowledge of guns if there is argument or testimony that he has never carried a gun, has never possessed a gun, or is not the type of person to carry a gun.

**5.     While Defendant Thurman's Medical Records Are Not Hearsay, Defendants Will Withdraw Them as Undisclosed, But Plaintiff Must Be Held to the Same Rule.**

The medical records are an exception to the hearsay rule. See Fed. R. Evid. 803(4), 803(6) (West 2010). However, to the extent Plaintiff objects to the records as undisclosed in violation of the Federal Rules of Civil Procedure, Defendants will withdraw Defendant Thurman's medical records as an exhibit. However, Plaintiff's undisclosed witnesses and exhibits should also be barred under the same rule.

**6.     Defendants Will Not Seek to Admit Plaintiff's Employment Records Unless For Impeachment if the Door is Opened.**

Defendants have listed the employment records as an exhibit in case Plaintiff Marilyn Anderson opens the door by presenting claims of lost wages. Defendants may then seek introduction and use the records to impeach Plaintiff. Defendants will only use the records for this limited purpose.

**WHEREFORE**, Defendants respectfully request this Court grant the foregoing motions *in limine* and, where applicable, order that Plaintiffs, their witnesses and their attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel be instructed to warn and caution each and every witness under their control appearing in their litigation to strictly comply with the ruling of the Court, or grant any other relief that this Court deems just and necessary.

Respectfully submitted,


s/Jonathan M. Boulahanis

Andrew M. Hale
Avi Kamionski
Shneur Nathan
Jonathan Boulahanis
Andrew M. Hale & Associates LLC
53 W. Jackson Blvd., Ste. 1800
Chicago, IL 60604
(312) 341-9646