Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2311 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Anderson et al vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendants' motion in limine #1 [75].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' motion in limine #1 (R. 75), in which Defendants move to bar testimony from certain witnesses whom they claim Plaintiffs failed to disclose under Rule 26(a)(1). For the following reasons, the Court grants in part and denies in part Defendants' motion in limine #1.

### BACKGROUND

In this 42 U.S.C. § 1983 lawsuit, Plaintiffs named several fact witnesses in the parties' Joint Proposed Pre-Trial Order whom they did not explicitly disclose in their Rule 26(a)(1) disclosures. Defendants seek to bar those fact witnesses from testifying at trial.

### ANALYSIS

Under Federal Rule of Civil Procedure 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (internal citations and quotations omitted). "[T]he following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## I. Dr. Kurian, Dr. Fredrick, RN Cruz, and Dr. Leef

Plaintiffs Markita Anderson and Christopher Monroe sought medical attention following the April 19, 2008 incident with the Defendant Officers. Plaintiffs produced the medical records from their post-incident hospital visits to Defendants on August 19, 2009. In addition, Plaintiffs referred Defendants to the medical records in their August 19, 2009 responses to Defendants' Interrogatory No. 16,[1] and Plaintiff Monroe specified in his interrogatory response that he was taken to St. Bernard Hospital following the incident, where he "was given a CAT scan and a physical before being taken back to the Police Station." (*Id.*)

While Plaintiffs did not list the names of these medical professionals in their Rule 26(a)(1) disclosures, Defendants had notice of these professionals dating back to August 19, 2009, when they received Plaintiffs' medical records. Accordingly, Defendants have suffered no prejudice or "surprise." *Caterpillar*, 324 F.3d at 857. Given that the trial date has been rescheduled to March 14, 2011, the Court denies Defendants' motion in limine #1 with respect to Dr. Kurian, Dr. Fredrick, RN Cruz, and Dr. Leef, and grants Defendants leave to depose these medical professionals by no later than December 21, 2010.

## II. Harvey Police Officers Edwards, Smith, Magana, and Jones

In July 2006, the above-named Harvey Police Officers were involved in the filing of a complaint register against Defendant Thurman. The incident giving rise to the complaint register has nothing to do with the present case.[2] Plaintiffs did not name these officers in their Rule 26(a)(1) disclosures, but have listed them as "may call" witnesses in the parties' Joint Proposed Pre-Trial Order. Defendants argue that these witnesses should be prohibited from testifying because: (i) they were not previously disclosed, as required under Rule 26(a)(1), and (ii) the testimony Plaintiffs will seek to elicit from the Harvey Police Officers is impermissible "propensity" evidence under Fed. R. Evid. 404(b). Plaintiffs argue that Defendants would not be prejudiced because they received the Harvey Police Officers named from the Defendants during the course of discovery. Plaintiffs also argue that the testimony will not be offered as propensity evidence, but will rather "indicate[] that Defendant Officer Thurman initiated a plan, preparation, and knowledge that his actions would violate the law and the constitutional rights of Plaintiffs, and that Defendant Officer Thurman has a history of not only ignoring department rules and regulations, but of flagrantly violating them." (R. 70, Pls.' Resps. to Defs.' Mots. in Limine, at 3.)

"Generally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *United States v. James,* 464 F.3d 699, 709 (7th Cir. 2006); Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). "[E]vidence may, however, be admitted under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *James,* 464 F.3d at 709; *see also United States v. Harris*, 587 F.3d 861, 864 (7th Cir. 2009). In determining whether evidence is admissible

---

[1] Defendants' Interrogatory No. 16 reads "Have you sought any medical or psychiatric treatment due to the Incident? If so, please state and identify the name and address of each doctor, psychiatrist, psychologist, therapist, or other health care professional rendering you treatment." (R. 75, Defs.' Mots. in Limine, Ex. D at 6.)

[2] The complaint register involves the Harvey Police Officers' arrest of Defendant Thurman, which took place while Defendant Thurman was off-duty. Defendant Thurman was not subject to criminal proceedings as a result of his arrest.

pursuant to Rule 404(b), the Seventh Circuit has adopted a four-part standard, assessing whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Stotler*, 591 F.3d 935, 941 (7th Cir. 2010) (quoting *United States v. Vargas*, 552 F.3d 550, 554 (7th Cir. 2008)).

Plaintiffs have not demonstrated how the testimony they seek to elicit from the Harvey Police Officers could be anything but impermissible propensity evidence. The Harvey Police Officers arrested Defendant Thurman nearly two years before the incident at issue in this case, and Plaintiffs have not shown any similarities between the two incidents. Furthermore, while the Chicago Police Department disciplined Defendant Thurman, he was not criminally prosecuted. The Court finds Plaintiffs' assertion that the Harvey Police Officers' testimony will somehow demonstrate Defendant Thurman's "preparation," "plan," and "knowledge" regarding the April 19, 2008 incident at issue in this case unpersuasive. Plaintiffs have not provided any explanation of how it establishes any of these factors. The Court bans the Harvey Police Officers' testimony as impermissible under Fed. R. Evid. 404(b).

### III. Marvin Anderson

The parties agree that Marvin Anderson will be barred from testifying unless Plaintiffs produce him for deposition by no later than February 14, 2011 (one month before trial). Therefore, Defendants' motion in limine #1 is moot with regard to Mr. Anderson.