# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2311 | **DATE** | 11/19/2010 |
| **CASE TITLE** | Anderson et al vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion in limine #1 [65] without prejudice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' motion in limine #1 (R. 65), which seeks to bar Defendants from introducing any evidence of, or referring to, Plaintiff Christopher Monroe's alleged and witness Mario Anderson's admitted gang membership at trial. For the following reasons, the Court, in its discretion, grants Plaintiffs' motion without prejudice. *See United States v. Thomas*, 321 F.3d 627, 630 (7th Cir. 2003) ("The balancing of probative value and prejudice is a highly discretionary assignment.").

### ANALYSIS

"There is [ ] always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict." *United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996). Accordingly, the Seventh Circuit has repeatedly warned that evidence of a party's gang membership is highly prejudicial, especially when the gang evidence is not relevant to a central issue in a case. *See Brown v. City of Chicago*, 599 F.3d 772, 775-75 (7th Cir. 2010); *United States v. Alviar*, 573 F.3d 526, 536 (7th Cir. 2009); *Irvin*, 87 F.3d at 864-66. The Seventh Circuit has found gang affiliation evidence admissible under certain circumstances – primarily in cases involving charges of a criminal conspiracy. *See United States v. Westbrook*, 125 F.3d 996, 1007 (7th Cir. 1997) (gang membership admissible "in cases in which it is relevant to demonstrate the existence of a joint venture or conspiracy and a relationship among its members"); *see also United States v. Thomas*, 86 F.3d 647, 652 (7th Cir. 1996) (affirming ruling allowing gang evidence because that evidence "helped demonstrate the existence of the conspiracy and the connections between members of the conspiracy"); *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996) ("[G]ang membership can be key to establishing criminal intent or agreement to conspire."). "Assessing the probative value of [evidence], and weighing any factors counseling against admissibility is a matter [ ] for the district court's sound judgment under Rules 401 and 403." *Sprint v. Mendelsohn*, 552 U.S. 379, 387, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008) (citation omitted).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

09C2311 Anderson et al vs. City of Chicago et al

Page 1 of 4

The specific "gang evidence" at issue in this motion in limine concerns Plaintiff Christopher Monroe and witness Mario Anderson. Plaintiff Monroe has denied any gang affiliation or membership. *See* R. 68-1, Ex. A-Monroe Deposition excerpt at 3. Mr. Anderson admitted to being in a gang, *see* R. 68-2, Ex. B-Anderson Deposition excerpt at 6, and testified that Plaintiff Monroe was also in a gang, *see id*. at 4. Plaintiffs argue that any evidence, or reference to, Plaintiff Monroe's alleged and Mr. Anderson's admitted membership in or affiliation with gangs is not relevant, is inadmissible character evidence, and – to the extent it may be relevant and probative, which Plaintiffs argue it is not – is unfairly prejudicial under Federal Rule of Evidence 403. Defendants argue that this evidence goes to the heart of their theory of the case, and that it is both relevant and probative. Specifically, Defendants argue that this gang evidence is admissible for three reasons: (1) to show that the Defendants acted reasonably under the circumstances; (2) to demonstrate Monroe and Anderson's "motive" and "bias"; and (3) to impeach Plaintiff Monroe. Defendants' arguments fail.

**1.      This Alleged Gang Evidence Is Not Admissible to Inform the Jury's Decision On the Reasonableness of Defendants' Actions**

Plaintiffs' motion in limine seeks to bar evidence of, or reference to, Plaintiff Monroe's alleged and Mr. Anderson's admitted gang membership. Defendants argue that the evidence is relevant to demonstrate the reasonableness of the Defendants' actions and the circumstances under which they took place. Since probable cause to arrest provides an absolute defense to any claim brought under § 1983 for false arrest, *see McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009), the circumstances leading up to Plaintiffs' arrests are relevant to this case. Probable cause exists "when the facts and circumstances that are known to [an officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). To the extent that gang affiliation would have given the Defendants probable cause to arrest Plaintiffs on the night in question – and the Court does not make a finding on that issue here – nowhere in Defendants' pleadings does it indicate that the Defendant Officers knew anything about these two individuals' alleged gang affiliations before they responded to the "shots fired" incident, before they arrested Plaintiffs, before the allegations of excessive force, or even before Plaintiff Monroe and Mr. Anderson's depositions.[1] Because of this, and in light of the substantial prejudice that accompanies gang affiliation, the Court bars Defendants from introducing evidence of Plaintiff Monroe's alleged and Mr. Anderson's admitted gang membership for this purpose.[2]

---

[1] To be clear, Plaintiff Monroe denies any gang affiliation or membership. *See* R. 68-1, Monroe Deposition excerpt at 2. Monroe acknowledges that he has friends that have been in gangs, but clearly states that he has never been in a gang. *Id*. ("Q: Have you ever been in a gang? A: No.").

[2] Defendants generally allege that the location of the "shots fired" incident was a "high-crime, high-gang activity neighborhood," *see* R. 68, Defs.' Resp. to Pls.' Mots. in Limine at 2. Defendants further allege that the "shots fired" call – which was initially believed to have come from the site of a birthday party – was, in actuality, a gang party celebrating the theft of a rival gang's automobile. *See id*. These generalizations about the location of the incident and the events that preceded the incident are not the subjects of Plaintiffs' motion. The Court takes no position on the admissibility of Defendants' "general" statements because the parties have not submitted a motion in limine specifically on this issue.

**2.      The Alleged Gang Evidence Fails to Show "Motive" or "Bias"**

Defendants argue that Plaintiff Monroe's alleged and Mr. Anderson's admitted gang membership is "relevant to show a motive for the otherwise inexplicable act of attacking a police officer when he was entering an apartment." (R. 68, Defs.' Resp. to Pls.' Mots. in Limine at 5.)  Defendants allege that Plaintiff Monroe "threw punches at [Defendant Thurman] when [Thurman] entered the second floor," and that Mr. Anderson "admitted to throwing objects at [Defendant] Thurman when he entered the second floor." (*Id.* at 2.)  A review of the deposition transcripts that Defendants submitted, however, undermines Defendants' argument.  Mr. Anderson's testimony reads:

> A.      The police kicked down the upstairs door, because it's a door before you come upstairs.  Then they came up the back way, they kicked down that door.  Then when they opened the door, there was this man holding my mama and he was choking her.  And I didn't know who he was, so I started throwing stuff at him.
> He was in regular clothes, like a plain hoodie and jeans with some boots on.  I didn't know he was police, so I was throwing stuff at him.
>
> . . .
>
> Q.      What did you throw?
>
> A.      Everything, like bowls, spoons, cups, and all that, anything I could see or find.
>
> Q.      Did anything break?
>
> A.      No.  It was plastic cups.
>
> Q.      What about the bowls or spoons?
>
> A.      It was plastic.  Oh, no, ain't no spoons or nothing break.
>
> Q.      Were the bowls plastic?
>
> A.      Yes.

R. 68-2, Anderson Deposition excerpt at 9-10.  Nothing about this "attack" suggests that Mr. Anderson knew that Defendant Thurman was a police officer.  In fact, Mr. Anderson explicitly denies that knowledge.  The alleged motive for the "attack" seems to be that an unidentified stranger had burst into his home and was "holding and choking" his mother.  *Id.*  Evidence of gang membership in connection with this incident is not relevant, is unfairly prejudicial, and the Court bars Defendants from admitting it for this purpose.

Defendants further argue that Plaintiff Monroe's alleged and Mr. Anderson's admitted gang membership is admissible to show Mr. Anderson's bias in testifying in favor of Plaintiff Monroe.  Given the highly prejudicial nature of gang evidence, *see supra*, the Court bars Defendants from introducing or referring to gang membership for this purpose.  If they wish to demonstrate bias, Defendants may introduce evidence of Mr. Anderson's friendship with Plaintiff Monroe, *see* R. 68-2, Anderson Deposition excerpt at 3, 4, and 5.

### 3.    Gang Evidence Does Not Impeach Plaintiff Monroe

Defendants next argue that the Court should permit them to introduce evidence of Plaintiff Monroe's alleged gang membership for impeachment purposes under Rule 608.  Defendants contend that Mr. Anderson's identification of Plaintiff Monroe as a gang member, and Plaintiff Monroe's denial of the same, "is highly probative of Monroe's credibility, or lack thereof."  (R. 68, Defs.' Resp. to Pls.' Mots. in Limine at 6.)  The Court disagrees.  Mr. Anderson is not the authority on Plaintiff Monroe's affiliation – or lack thereof – with a gang.  Unlike the cases Defendants cited to support their argument, in this case, there is no reliable evidence that Plaintiff Monroe lied about his gang affiliation.  The Court rejects Defendants' suggestion that Plaintiff Monroe's denial of a gang affiliation may be admitted under Rule 608 as probative of his truthfulness or untruthfulness.  Defendants are barred from using any alleged gang evidence for this purpose.