# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2311 | **DATE** | 11/30/2010 |
| **CASE TITLE** | Anderson et al vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part, denies in part, and denies in part without prejudice Plaintiffs' motion in limine #3 [65].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    In their motion in limine #3 (R. 65), Plaintiffs seek to bar evidence of their own and their witnesses' criminal histories, including both arrests and convictions. The Court grants in part, denies in part, and denies in part without prejudice Plaintiffs' motion.

Continued...

|  | Courtroom Deputy Initials: | KF |
|---|---|---|

## I. Arrests

Plaintiffs seek to bar evidence of the following individuals' prior arrests: Plaintiff Monroe,[1] Plaintiff Marlin Anderson, and witnesses Latoya Curry, Marvin Anderson, and Mario Anderson.[2] Since Defendants agree that they will not introduce evidence of Plaintiffs' prior arrests, the motion is moot as to the Plaintiffs. As to the witnesses, Plaintiffs have not provided sufficient information about the arrests to allow the Court to rule. Plaintiffs' motion suggests that Defendants are seeking, at the very least, to introduce Ms. Curry's arrest records. Plaintiffs do not, however, provide argument as to why the Court should exclude those arrest records. Although arrests that have not led to convictions are "classic candidates for exclusion" under Rule 404(b), *see Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003), arrests are not automatically excluded. The Court denies without prejudice Plaintiffs' motion as it applies to the witnesses' arrests. If Defendants determine that they wish to introduce any evidence of – or cross examine these witnesses on – their prior arrests, they must first advise the Court out of the presence of the jury so that the Court may rule on the admissibility of the evidence or the propriety of the cross-examination.

## II. Convictions

Under Rule 609(a)(1), the Court may admit evidence of a witness's prior felony conviction to impeach the credibility of that witness only after it has balanced the probative value of the evidence against the risk of unfair prejudice to the witness. Fed. R. Evid. 609(a)(1). Even though evidence may be relevant, courts may still exclude it if its probative value is substantially outweighed by the danger of unfair prejudice. *Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010). The Court enjoys broad discretion in making this determination. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

### A. Plaintiff Monroe's Misdemeanor DUI

Plaintiff Monroe was apparently convicted of a misdemeanor DUI in February 2004, for which he received a sentence of supervision. Defendants acknowledge that misdemeanor convictions are inadmissible under Rule 609 to attack a plaintiff's character for truthfulness, *see* Fed. R. Evid. 609(a); *see also Serafinn v. Local 722*, 597 F.3d 908, 915-16 (7th Cir. 2010), and agree that they will not seek to introduce evidence of Plaintiff Monroe's misdemeanor conviction for this purpose. If Defendants wish to introduce evidence of Plaintiff Monroe's misdemeanor conviction for any other purpose, they must first raise the issue with the Court outside the presence of the jury.

### B. Plaintiff Monroe's Felony Conviction

Plaintiffs seek to bar evidence of Plaintiff Monroe's 2007 felony conviction for Unlawful Use of a Weapon ("UUW"). Although Plaintiffs concede that this conviction may be admitted for impeachment under Rule 609(a)(1), they argue that the danger of unfair prejudice to Plaintiffs substantially outweighs its probity, and ask the Court to (1) bar the evidence entirely, or (2) in the alternative, to order that Defendants only be permitted

---

[1] Plaintiffs note that they also wish to bar evidence of an order of protection that was entered against Plaintiff Monroe.

[2] Plaintiffs do not appear to know whether witnesses Marvin and Mario Anderson have criminal histories (i.e. prior arrests or criminal convictions). The Court cannot rule on the admissibility of facts that have not been presented to it. Plaintiffs' motion as it pertains to Marvin and Mario Anderson is thus denied without prejudice.

to refer to the conviction as a "felony conviction." Plaintiffs contend that the factual similarities between Plaintiff Monroe's weapons-related felony conviction and the circumstances that Defendants are alleging in this case are too great, and will substantially prejudice the Plaintiffs. Defendants argue that the conviction must be introduced because "[t]he credibility of the parties is essential to this case" and the "[t]ruthfulness of the parties is going to be a major issue at trial." (R. 68, Defs.' Resp. to Pls.' Mots. in Limine at 10.)

In this § 1983 case, Plaintiffs allege that Defendants falsely arrested them and used excessive force on them in violation of their civil rights. Defendants allege they were responding to a call of "shots fired" when the events giving rise to this lawsuit occurred. Crucial to the disposition of this motion is the fact that Defendants are seeking to admit testimony that one of the Defendants observed Plaintiff Monroe holding a gun at some point during the incident. (*Id*. at 11.)

"[C]ourts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992). "In exercising his discretion on admission of [prior convictions], the trial judge must consider several factors, most importantly the danger of unfair prejudice. When the prior conviction and the charged act are of a similar nature, the danger increases. The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary." *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977) (citations omitted); *see also United States v. Harding*, 525 F.2d 84, 90 (7th Cir. 1975) (noting that the similarity between a prior drug offense and the present drug offense created a strong risk of unfair prejudice); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001) ("The main issue for both of his claims is whether the officers had reasonable suspicion to believe that he was involved in a drug transaction, and a jury might improperly consider evidence of his prior convictions for similar offenses as an indication that the officers had a reason to suspect him of the same activity here."). Thus, while Plaintiff Monroe's credibility may be an important factor in this case, the danger of unfair prejudice that would result from the admission of Plaintiff Monroe's prior weapons-related conviction is substantial – there is a significant risk that the jury will improperly credit Defendants' account because Plaintiff Monroe previously engaged in a weapons-related offense, not because the evidence of his prior criminality reflects on his "truthfulness."

Courts may "permit the 'sanitization' of prior-crimes evidence used to impeach" by "concealing the nature or name of the crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009) (citing *United States v. Stokes*, 211 F.3d 1039, 1042-43 (7th Cir.2000)). Accordingly, the Court grants in part and denies in part Plaintiffs' motion to bar Defendants from introducing Plaintiff Monroe's prior felony conviction at trial. Defendants may introduce evidence of the conviction per Rule 609(a)(1) by referring to it as a "felony conviction," but are barred from mentioning the name or nature of the conviction (i.e., that Plaintiff Monroe was convicted of a weapons-related offense).