# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2311 | **DATE** | 6/9/2011 |
| **CASE TITLE** | Anderson et al vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiffs' motion for a new trial pursuant to Federal Rule of Civil Procedure 59 [127].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

      Plaintiffs Marlin Anderson, Marilyn Anderson, Markita Anderson, and Christopher Monroe ("Plaintiffs") sued Chicago police officers Clifton Thurman and Nataly Janik ("Defendants") for violating their civil rights under 42 U.S.C. § 1983. In their lawsuit, Plaintiffs brought false arrest and excessive force claims under federal law, and a state law malicious prosecution claim. The case went to trial on March 14, 2011. On March 17, 2011, the jury returned a verdict for Defendants on all counts. The Court entered judgment on that date consistent with the jury's verdict. Before the Court is Plaintiffs' motion for a new trial pursuant to Federal Rule of Civil Procedure 59. For the reasons below, the Court denies Plaintiffs' motion.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# BACKGROUND[1]

On the morning of March 14, 2011, the Court empaneled an eight member jury to hear Plaintiffs' case. The trial began immediately thereafter. The following morning, before the trial day began, counsel for Defendants informed the Court that they had obtained information regarding one of the jurors which called into question that juror's honesty during the voir dire. Specifically, Defendants' counsel told the Court that the juror in question had been arrested eight times by the Chicago Police Department ("CPD"). During the previous day's voir dire, when the Court inquired as to whether anyone on the venire had ever been arrested, that juror failed to report this (or any) history of arrests. At the end of the March 15 trial day, the Court summoned the juror to the courtroom to question him about his prior voir dire answers. Counsel for both parties were present during the questioning. The juror initially equivocated in his answer to the Court's question about his arrest history. When the Court stated that it possessed a copy of his criminal history, however, the juror admitted his prior arrests, and stated that he thought he had answered accordingly during voir dire. The Court corrected him, and the juror then stated that he didn't remember the Court asking about prior arrests during voir dire. The Court asked counsel for both parties whether they wished to ask the juror any additional questions, and they declined.

At Plaintiffs' counsel's request, the Court withheld an immediate ruling on the juror's dismissal and afforded the parties the opportunity to present oral argument on the matter the next day. In their argument, Plaintiffs conceded the propriety of removing the juror if the Court determined that he had been dishonest. Plaintiffs' counsel strenuously objected, however, to the manner by which Defendants' counsel obtained the juror's criminal history. Defendants' counsel, the private law firm of Andrew M. Hale & Associates, had run the juror's name through the City of Chicago's Citizen and Law Enforcement Analysis and Reporting ("CLEAR") database after one of Defendants' trial lawyers became suspicious of the juror's answers during voir dire.[2] Plaintiffs' counsel made two principal arguments to the Court: first, that Defendants' counsel improperly used a law enforcement database to which Plaintiffs' counsel had no access, and second, that Defendants' objection to the juror in question was untimely because Defendants should have raised their concerns to the Court during voir dire. Defendants denied any wrongdoing and urged the Court to dismiss the juror.

After hearing argument from both parties, the Court found that the juror had "failed to answer honestly a material question on voir dire" and that "a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). The Court noted that although it "has no obligation to grant a challenge every time it turns out that a venireperson has a criminal record," Seventh Circuit law gives district courts "the discretion to determine, based on all the facts, whether dismissal for cause is necessary." *United States v. Warner*, 498 F.3d 666, 687 (7th Cir. 2007) (citing *United States v. Ray*, 238 F.3d 828, 837 (7th Cir. 2001)). Given that the crux of Plaintiffs' case involved allegations of false arrest by CPD officers, and considering that the subject of the juror's dishonesty involved eight previous arrests by CPD officers, the Court exercised its discretion and removed the juror because he failed to honestly answer the material question regarding his prior arrests. Under the circumstances, leaving the juror on the jury was not warranted. Nonetheless, the Court invited Plaintiffs to file a motion if they wished to raise other objections to Defendants' conduct, or if they believed additional remedies were appropriate. Plaintiffs

---

[1] The Court presumes the parties' familiarity with the facts of this case, and recites only the facts that are relevant to the underlying motion.

[2] Defendants' counsel did not raise his concerns about the juror to the Court during voir dire, and did not ask the Court to conduct additional voir dire on the juror, despite his apparently immediate suspicions. Counsel should have brought these concerns to the Court's attention for additional follow-up with the juror.

elected not to pursue the issue.

Plaintiffs now bring a timely Rule 59 motion for a new trial, arguing that Defendants' use of the law enforcement database[3] (i) created an "unlevel playing field" because Plaintiffs have no access to the database, and (ii) violated Rule 83.53.5(e) of the Northern District of Illinois's Rule of Professional Conduct.[4]  Plaintiffs contend they received a fundamentally unfair trial because of Defendants' counsel's conduct.  (R. 127, Pls.' Mot. for New Trial, at ¶¶ 11, 12.)[5]

## ANALYSIS

In ruling on a motion for a new trial, courts determine whether "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party."  *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010) (citation omitted).  Federal courts will not "set aside a jury verdict if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury."  *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008); *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) ("party seeking to reverse a district court's denial of a motion for a new trial bears a particularly heavy burden") (citation omitted).  In order to obtain a new trial on attorney misconduct grounds, the moving party must show both that the misconduct occurred and that it prejudiced their case.  *Whiting v. Westray*, 294 F.3d 943, 944 (7th Cir. 2002) (citations omitted); *see also Edwards v. Staniec*, 389 Fed.Appx. 523, 526 (7th Cir. 2010) (refusing to set aside a verdict unless the moving party suffered prejudice from the asserted error) (citing *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 826 (7th Cir. 2010).

Here, Plaintiffs do not argue that the verdict is against the weight of the evidence.  Rather, they contend that Defendants' counsel engaged in misconduct and therefore rendered the trial "unfair" to Plaintiffs.  Counsel for the Defendants vigorously defend their actions as proper.

Assuming *arguendo* that Defendants' counsel engaged in misconduct when they used the CLEAR database to run a background check on the juror in question, Plaintiffs do not explain how this action prejudiced their case.  *Whiting*, 294 F.3d at 944.  Indeed, Plaintiffs concede that the Court acted properly in removing the juror.  (R. 135, Pls.' Reply Brief, at 1.)  The Court therefore denies Plaintiffs' motion for a new trial.  Because the Court does not find that Defendants' counsel's conduct prejudiced Plaintiffs, it need not address whether

---

[3]  Although this distinction is not relevant to the Court's analysis, Plaintiffs' contention that Defendants used the Illinois Law Enforcement Agencies Data System ("LEADS") is inaccurate.  In fact, Defendants' counsel accessed the CLEAR database.  (R. 133, Defs.' Resp., at 8.)

[4]  The Court briefly notes that despite Plaintiffs' references to the race of the dismissed juror in their briefs on this motion, they do not now – and they did not at trial – challenge Defendants' actions under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

[5]  Plaintiffs do not dispute the propriety of the Court's decision to remove the juror – in fact, Plaintiffs state that "[t]his Court obviously acted appropriately in excluding the juror."  (R. 135, Pls.' Reply Brief, at 1.)

Defendants' counsel engaged in misconduct.[6]

## CONCLUSION

For the reasons above, the Court denies Plaintiffs' motion for a new trial.

---

[6] Plaintiffs also contend that Defendants' counsel's conduct violated Rule 83.53.3(e) of the Northern District of Illinois's Rules of Professional Conduct. That Rule provides, "A lawyer shall not conduct or cause another to conduct, by financial support or otherwise, a vexatious or harassing investigation of members of the venire or jury." Beyond stating their claim, Plaintiffs have not described how counsel's conduct was "vexatious or harassing" in this case.